Smith WARREN et al., Appellants,

v.

Lottie Lee KIDD et al., Appellees.

No. 7345.

Court of Civil Appeals of Texas.
Texarkana.

Sept. 12, 1961.

Rehearing Denied Oct. 10, 1961.

Reeves & Reeves, Tyler, for appellant.

Spruiell, Lowry, Potter, Lasater & Guinn, Tyler, for appellee.

DAVIS, Justice.

This is a trespass to try title suit to a 42 acre tract of land by the heirs of Annie Warren against the heirs of L. L. Kidd, E. G. Kidd, and H. E. Kidd. The case was tried before a jury, and the jury returned a verdict to the effect that a Deed from Annie Warren to J. L. Vanderver dated January 15, 1930, was intended as a mortgage; that a conveyance from Vanderver to L. L. Kidd and E. G. Kidd on July 26, 1930, was intended as a mortgage to secure the debt owing by Annie Warren to the Kidds; that the debt from Annie Warren to the Kidds had not been paid; that the Kidds and their heirs acquired title under the five, ten, and the twenty-five year Statutes of Limitation, and the Kidds had knowledge that the Deed from Annie Warren to Vanderver was intended as a mortgage. The trial court rendered judgment to the Kidd heirs under the ten year Statute of Limitation, the jury having also found that the Warrens had not tendered payment of the indebtedness and could not recover.

The Warren heirs have perfected their appeal and bring forward fourteen points of error.

▮ By point one they complain of the action of the trial court that there was no evidence to warrant such finding of the jury, that legal and equitable title was not shown to have been divested from the State of Texas, and that limitation will not run against the State of Texas.

At the trial, it was stipulated that Annie Warren was the common source of title for both the plaintiffs and defendants. The stipulation reads as follows:

"It is further agreed by and between the parties to the above entitled and numbered cause, through their attorneys undersigned, that Annie Warren is the common source of title; that both of said parties claim through such common source, and that such common source shall be deemed fully proved in such cause on the basis of this agreement, without further or other procedure as by law otherwise provided; but this agreement is not intended to have and shall not be construed as having any bearing upon whether either of the parties has a chain of title, or has title, from such common source, and is no admission that either of the parties has title to the land in controversy."

There was evidence offered by both plaintiffs and defendants that the land is situated in the W. F. Starnes Headright Survey. When the stipulation is considered, along with the evidence, it cannot be said that title to the property was not shown to be out of the State. We hold that when the common source of title is so stipulated, and there are records offered in evidence to show the Headright Survey in which the

land is located, the common source holds all titles of all previous owners, including the State of Texas. The point is overruled.

■ Immediately prior to the trial, Robert Warren deeded his interest in the property to a sister, and filed a disclaimer. The Kidd heirs took exception to the disclaimer and went into trial of the case on the theory that the conveyance was a fictitious conveyance, and that Robert Warren was not a qualified witness to testify upon the trial of the case. The Kidd heirs filed a contest to the disclaimer, and alleged fact issues that the trial court probably should have submitted to the jury. Otherwise, the matter relative to the disclaimer by Robert Warren was a matter for the court to decide outside the presence and hearing of the jury. But since the jury apparently believed Robert Warren's testimony, and found that the deeds conveyed at the time were intended as mortgages, we can not see any harm that was done thereby. Under the record, if it was error, it was not reversible error. See Rule 434, Vernon's Ann.Texas Rules of Civil Procedure.

■ By their points 1a, 2 and 3, the Warrens take issue with the action of the court in permitting the attorney for the Kidds to go into the question of the transaction before the jury, and say that the decision as to the disqualification of the witness was entirely within the province of the court. Under the affirmative pleadings filed by the Kidd heirs, the action taken by the attorneys was permissible.

■ The evidence showed that the Kidds and their heirs had used the land for farming purposes beginning in 1930 down to date (more than thirty years), either. themselves or through tenants, and that they had paid taxes on the same for all those years. The jury found that the Kidds and their heirs had possession of the property for more than ten years, and the Warrens had not tendered payment of the indebtedness. Such is sufficient to support the judgment of the trial court. Art. 5510, Vernon's Ann.

Texas Civ.St.; Hicks v. Hicks et al., Tex. Civ.App., 26 S.W. 227.

All of the other points are overruled, and the judgment of the trial court is affirmed.